# EXHIBIT A

Case 4:22-cv-00710   Document 1-2   Filed on 03/07/22 in TXSD   Page 2 of 7

1/25/2022 3:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61138478
By: Cecilia Thayer
Filed: 1/25/2022 3:50 PM

**2022-04872 / Court: 189**

CAUSE NO._____

| | | |
|---|---|---|
| **KENNETH ROBINSON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT USA, INC** | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES KENNETH ROBINSON, hereinafter referred to by name or as "Plaintiff," complaining of HOME DEPOT USA, INC, "Defendant" herein, and for cause of action Plaintiff would respectfully show unto this Honorable Court as follows:

### I.
### DISCOVERY

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this cause of action under Level 3 of this Rule (see Rule 190.4 of the Texas Rules of Civil Procedure).

### II.
### PARTIES

2. Plaintiff-KENNETH ROBINSON was a resident of Houston, Harris County, Texas at all times material to this cause.

3. Defendant, HOME DEPOT U.S.A., INC., is a foreign corporation, lawfully conducting business in the state of Texas, who may be served with process by serving its Registered Agent, Corporation Service Company d/b/a CSC – lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. **CITATION IS HEREBY REQUESTED.**

## III.
## ASSUMED NAMES, MISNOMER, AND ALTER EGO

4. As authorized by Rule 28 of the Texas Rules of Civil Procedure, this suit is brought against all those partnerships, unincorporated associations, private corporations, and individuals, either known or unknown, who are or were, during the period in which the incident made the basis of this lawsuit occurred, including March 24, 2021, doing business as Defendant HOME DEPOT USA, INC. Further, in the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties named herein.

5. Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that the Defendant's agents, officers, servants, borrowed servants, employees, or representatives did such act or thing and that the time such act or thing was done, it was clone with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

## IV.
## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over the parties because Defendant were doing business in the State of Texas.

8. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a significant portion of the incident made basis of the lawsuit occurred in this county.

## V.
## FACTS

9.   On or about March 24, 2021, Plaintiff was in the course and scope of his employment with Defendant Home Depot USA, Inc., at store #5520 located at 8103 Fallbrook Dr, Houston, Harris County, Texas.  Through the negligence of Defendant, its agents, servants, employees, representatives, or others for whom Defendant were and are legally responsible, Plaintiff suffered severely painful and disabling injuries to his back and body generally while he was unloading pallets of paint.

## VI.
## CAUSES OF ACTION

10.   Defendant had a duty to exercise the degree of care that a reasonably careful employer would use to avoid harm to its employees under circumstances similar to those described herein.

11.   The negligent, careless, and reckless disregard of Defendant's duties consisted of, but is not limited to, the following acts and omissions:

    A.   Failing to provide a safe workplace;

    B.   Failing to provide adequate personnel to assist with lifting or moving equipment and/or product;

    C.   Failing to remove hazards of the workplace that were or should have been recognized by Defendant and/or its supervisory employees;

    D.   Failing to supply or assure the presence and proper placement of the equipment and/or furnishings needed to safely complete his work;

    E.   Failing to properly supervise the workplace, to ensure that it did not include any hazards that should have been removed or fail to include any equipment or furnishings needed for the safe completion of Plaintiff's work;

  F. In failing to develop, institute and enforce reasonable policies, practices, procedures and guidelines for the implementation of safety measures;

  G. Failing to develop, institute and enforce reasonable policies, practices, procedures and guidelines for employees; and

  H. Failing to use due care that would have been maintained by an employer of ordinary prudence under the same or similar circumstances.

  I. Failing to properly train Plaintiff and other employees;

  J. Failing to furnish safe instrumentalities of work; and

  K. Any and all other relevant acts which may be shown during the trial of this case.

  12. Each of the above negligent acts and omissions constitute a beach of the duties owed by Defendant and such breach was a proximate cause of the injuries and damages suffered by Plaintiff. In this regard, Defendant was negligent, and this negligence was a proximate cause of Plaintiff's injuries and damages.

  13. Defendant is further liable for Plaintiff's injuries and damages under the theory of *respondeat superior*, as Plaintiff was acting within the course and scope of his employment with Defendant at the time of the incident in question, and the tortious act described herein was within the scope of Plaintiff's general authority, in furtherance of Defendant's business, and for the accomplishment of the object for which Plaintiff was hired by Defendant.

  14. On the date of Plaintiff's injuries, Defendant was a nonsubscriber to workers' compensation insurance under the Texas Workers' Compensation Act. As such, Defendant is

barred from asserting any common law defenses, including any defense based upon alleged contributory negligence on the part of Plaintiff.

## VII.
## DAMAGES

15. As a result of the incident described above, Plaintiff has suffered severe personal injuries and to incur the following damages:

    A. Medical expenses in the past and future;

    B. Lost wages in the past and future;

    C. Lost earning capacity in the future;

    D. Physical pain and suffering in the past and future;

    E. Physical impairment in the past and future;

    F. Disfiguement; and

    G. Mental anguish in the past and future.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kenneth Robinson, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in excess of $1,000,000.00; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE KAHN LAW FIRM, PC**

*/s/ Jennifer H. Kahn*

_____

**JOHN J. KAHN JR.**
Texas Bar No. 24034515
**JENNIFER H. KAHN**
Texas Bar No. 24032304
2225 County Road 90, Suite 109
Pearland, TX 77584
Tel. (713)226-9900
Fax. (713)226-9901
john@kahnlawyers.com
jennifer@kahnlawyers.com
**ATTORNEYS FOR PLAINTIFF
KENNETH ROBINSON**